IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES RODGERS, )
AIS #209894 )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION NO. 09-0732-WS-N
 )
GARY HETZEL, )
 )
    Respondent. )

REPORT AND RECOMMENDATION

This action is before the Court on respondent's answer and motion to dismiss (Doc. 8 ) filed February 19, 2010 wherein respondent sets forth, *inter alia*, that petitioner's habeas corpus petition, filed on November 11, 2009 (Doc. 15), fails to raise a constitutional claim that is cognizable under 28 U.S.C. § 2254; is barred because it is a second or successive habeas petition for which the petitioner has failed to obtain permission from the Eleventh Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A); and is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2254 petition, respondent's opposition thereto (doc. 8) and all other pertinent portions of the record,[1] it is the recommendation of the undersigned that the § 2254 petition be DENIED.

---

[1] Petitioner was given the opportunity to show cause why his petition should not to be dismissed as for lack of jurisdiction and failure to comply with the applicable statute of limitations (doc. 9) but petitioner failed to either respond to the Court's order or seek an extension of time within which to do so.

# I. PROCEDURAL HISTORY.[2]

Rodgers was convicted on March 13, 2001, by a jury in Dallas County, Alabama, of capital murder and then sentenced to life in prison without parole. Rodgers appealed his conviction to the Alabama Court of Criminal Appeals on the single ground that Ala. Code § 13A-4-40(a)(17) violated equal protection of the law by arbitrarily creating a classification, without rational basis, that a murder committed while the victim was in a vehicle was a capital offense. Rodgers' conviction and sentence was affirmed by memorandum opinion of the Alabama Court of Criminal Appeals on November 21, 2001. Rodgers unsuccessfully sought certiorari by the Alabama Supreme Court and a certificate of Judgment issued on his direct appeal on May 17, 2002.

Rodgers filed a first Rule 32 petition on March 4, 2003. The Dallas County Circuit Court's denial of that petition was affirmed by the Alabama Court of Criminal Appeals on April 23, 2004, and his subsequent petition for writ of *certiorari* was denied by the Alabama Supreme Court. Rodgers filed a second Rule 32 petition on November 1, 2004. The circuit court's denial of the second petition was also affirmed on appeal with a Certificate of Judgment being issued by the Alabama Court of Criminal Appeals on October 14, 2005.

On October 24, 2005, Rodgers filed his first habeas petition under 28 U.S.C. § 2254 with this Court in <u>Rodgers v. Jones</u>, Civil Action No 2:05-0635-CG-M.[3] On

---

[2] The uncontested facts in this case are set forth in the Report and Recommendation entered in <u>James Rodgers v. Kenneth Jones</u>, Civil Action no. 05-0635-CG-M, on August 21, 2006 (doc. 23), which was adopted by the Court on December 11, 2006 (doc. 26) and references the evidence in support thereof (doc. 13), and is also attached as Exhibit A (doc. 8-1) to Respondent's Answer (doc. 8) in the case at bar.

August 21, 2006, a Report and Recommendation was entered by Magistrate Judge Bert W. Milling recommending that the petition be denied and the action dismissed with prejudice. Answer (Doc. 8) at Exhibit A (Doc. 8-1). This Report and Recommendation was adopted as the opinion of the Court on December 11, 2006, and a judgment of dismissal with prejudice was entered. Rodgers' motion for a certificate of appealability was denied by this Court on February 13, 2007, and by the Eleventh Circuit Court of Appeals on April 18, 2007. *See* Rodgers v. Jones, Civil Action No. 05-00635-CG-M (docs. 30 and 31).

On November 6, 2009, Rodgers filed the present habeas petition setting forth the following claims:

1. "Under Alabama law, exactly what makes a murder capital under Title 13A-5-40(a)(17) and what would not be capital murder?

2. "Under Alabama law, if HJR 575 does not define the Legislature's intent of the statute, exactly what was the Legislature's intent in this statute. Its purpose, construction, objections, restrictions, etc."

---

[3] The claims asserted by Rodgers in his first habeas petition were: "(1) The indictment against him was void; (2) the trial court was without jurisdiction to convict and sentence him; (3) his trial attorney rendered ineffective assistance in that he: (a) did not file a motion to dismiss the indictment against him on the grounds of (i) selective prosecution and (ii) its failure to allege the essential elements of the statute; (b) failed to pursue a valid, obvious defense; (c) did not allow Petitioner to testify on his own behalf; and (d) failed to request a curative instruction to the jury with regard to statements made by (i) Detective Grindle and (ii) James Edwards; (4) his appellate counsel rendered ineffective assistance in that he failed to raise an ineffective assistance of trial counsel claim with regard to his trial attorney's failure to: (a) file a motion dismissing the indictment on the grounds of (i) selective prosecution and (ii) its failure to allege the essential elements of the statute; (b) request a curative instruction to the jury with regard to statements made by (i) Detective Grindle and (ii) James Edwards; (c) raise a claim of insufficiency of the evidence; (d) request an instruction to the jury on lesser included offenses; and (e) effectively guard his rights; and 5) his conviction violated the Equal Protection Clause of the Fourteenth Amendment as well as provisions of the Alabama Constitution." Exhibit A (Doc. 8-1) at 2-3.

Petition (doc. 3) at pp. 7, 12, and 14. Rodgers has set forth no other legal theories and no factual allegations which could give rise to any other theories.[4]

## II.   ANALYSIS.

A.   <u>Successive Petition</u>.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'." <u>Guenther v. Holt</u>, 173 F.3d 1328, 1330 (11th Cir. 1999), *quoting* 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085 (2000). This jurisdictional issue was reaffirmed in <u>Turner v. Howerton</u>, in which the Eleventh Circuit held:

> A state prisoner who wishes to file a second or successive federal habeas corpus petition is required to move the court of appeals for an order authorizing the district court to consider such a petition. See 28 U.S.C. 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir.2003) (per curiam).

196 Fed. Appx. 848, 852 (11th Cir. 2006). *See also* <u>Parker v. Dinwiddie</u>, 258 Fed. Appx. 200, 201 (10th Cir. 2007)("A district court does not have jurisdiction to address the merits of a second or successive petition until this court has granted the required authorization under 28 U.S.C. § 2244(b)(3)(A).").

---

[4] Rodgers does not allege a specific constitutional violation but, instead, maintains that he is seeking to certify the questions under Rule 18 of the Alabama Rules of Appellate Procedure. Doc. 3 at 7 and 12.

In view of the § 2254 petition filed in this Court by Rodgers on October 24, 2005, which was denied and dismissed with prejudice on December 11, 2006, Rodgers was required to obtain permission from the Eleventh Circuit Court of Appeals prior to filing the present petition. He failed to do so. The Eleventh Circuit has consistently held that it must give its permission before a district court may consider a second or successive habeas petition challenging a conviction or sentence. *See also* In re Joshua, 224 F.3d 1281, 1282 (11th Cir. 2000); In re Provenzano, 179 F.3d 1326, 1327 (11th Cir. 1999). "Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins v. Secretary, Department of Corrections, 557 F.3d 1257, 1259 (11th Cir. 2009). Thus, the instant petition is a second, or successive petition filed without the required authorization. Consequently, it is recommended that this action be dismissed for lack of jurisdiction due to petitioner's failure seek an order from the Eleventh Circuit Court of Appeals, pursuant 28 U.S.C. § 2244(b)(3)(A) prior to filing a successive petition.

B.    Statute of Limitations.

Rodgers' direct appeal became final when the Alabama Supreme Court denied certiorari on May 17, 2002 and a Certificate of Judgment issued. Although Rodgers tolled the statute of limitations by filing his petitions for post-conviction relief, his last post-conviction proceeding became final on October 14, 2005 when the Alabama Court of Criminal Appeals issued a Certificate of Judgment. Consequently, Rodgers' present habeas corpus petition, filed on December 11, 2009 (Doc. 3 ), is clearly barred by the

one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).[5] It is therefore further recommended that the be dismissed as barred by the applicable statute of limitations.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant action, Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his second habeas petition; thus, this Court is without

---

[5] The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A).

jurisdiction to consider his successive petition. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir.2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, if is hereby **RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**, and that no Certificate of Appealability should issue.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**DONE** this 7th day of October, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. ' 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation@ within [fourteen] days[6] after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this  7th day of October, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).